# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHARLES PICARELLA, JR.,** | : | **CIVIL NO. 1:16-CV-501** |
| **Plaintiff** | : | **(Chief Judge Conner)** |
| v. | : | |
| **KRISTA BROUSE, JAMES SMINK, BRIAN WHEARY, COUNTY OF NORTHUMBERLAND,** | : | |
| **Defendants** | : | |

## **MEMORANDUM**

Plaintiff Charles Picarella ("Picarella"), an inmate formerly housed at the Northumberland County Prison, Sunbury, Pennsylvania, commenced this action pursuant to 42 U.S.C. § 1983. (Doc. 1). The matter is proceeding *via* a second amended complaint. (Doc. 35). Presently pending before the court is a motion for Rule 11 sanctions filed by Picarella. (Doc. 46). For the reasons that follow, the court will deny Picarella's motion.

## I.  Background

Picarella was housed at the Northumberland County Prison from approximately June 23, 2014 through December 10, 2014. (Doc. 35 ¶ 19). During his incarceration, Picarella alleges that he "create[d] pen and ink drawings as a creative outlet, form of expression, and form of speech." (Id. at ¶ 21). Picarella displayed the drawings in his cell, on his cell door, and on the walls adjacent to his cell. (Id. at ¶ 22). He alleges that defendants confiscated his drawings in violation of

his rights under the United States and Pennsylvania Constitutions. (Id. at ¶¶ 41-46, 48-51).

On May 6, 2016, defendants filed a motion to dismiss the original complaint. (Doc. 15). Picarella contends that he never received a copy of defendants' motion to dismiss. (Doc. 46). In response, defendants acknowledge that they inadvertently failed to mail a copy of their initial motion to Picarella. (Doc. 47, ¶¶ 5, 6). Once defendants realized their mistake, they forwarded the motion to Picarella. (Id.)

On April 5, 2017, defendants filed a motion to dismiss the second amended complaint. (Doc. 36). Picarella again contends that he did not receive a copy of defendants' motion. (Doc. 46). In response, defendants state that they timely mailed to Picarella their motion to dismiss the second amended complaint. (Id. at ¶¶ 10, 11). Defendants nevertheless re-sent the motion to Picarella. (Id.)

On November 13, 2017, Picarella filed the instant motion for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure. (Doc. 46). Picarella asserts that defendants' failure to serve him violates Rule 5 of the Federal Rules of Civil Procedure. (Id.) Picarella requests that the court direct defendants to serve all of their correspondence by certified mail with an accompanying certificate of service, and he requests attorney's fees and costs. (Id. at 3).

## II. Discussion

The court finds that Rule 11 sanctions are not warranted against defendants in this matter. Rule 11 of the Federal Rules of Civil Procedure states:

> By presenting to the court a pleading, written motion, or other paper-whether by signing, filing, submitting, or later advocating it -- an attorney or unrepresented party certifies that to the best of the

2

>person's knowledge, information, and belief, formed after an inquiry
>reasonable under the circumstances it is not being presented for any
>improper purpose, such as to harass, cause unnecessary delay, or
>needlessly increase the cost of litigation.

FED. R. CIV. P. 11(b)(1).  In assessing a Rule 11 motion for sanctions, a district court must determine whether the attorney's conduct was objectively reasonable under the circumstances.  See <u>Ario v. Underwriting Members of Syndicate 53 at Lloyds for the 1998 Year of Account</u>, 618 F.3d 277, 297 (3d Cir. 2010).  Rule 11 sanctions are warranted only when the filing party has acted in an "objectively unreasonable" manner, <u>Fellheimer, Eichen & Braverman, P.C. v. Charter Tech., Inc.</u>, 57 F.3d 1215, 1225 (3d Cir. 1995), and "only if the filing . . . constituted abusive litigation or misuse of the court's process." <u>Mary Ann Pensiero, Inc. v. Lingle</u>, 847 F.2d 90, 95 (3d Cir. 1988) (quoting <u>Teamsters Local Union No. 430 v. Cement Express, Inc.</u>, 841 F.2d 66, 68 (3d Cir. 1988)).

Pursuant to Rule 5 of the Federal Rules of Civil Procedure, "a paper is served under this rule by . . . mailing it to the person's last known address -- in which event service is complete upon mailing." FED. R. CIV. P. 5(b)(2)(C).  In the case *sub judice*, the court concludes that defendants properly served Picarella by mailing their motions to his last known address.  The mere fact that Picarella did not initially receive defendants' motions does not in itself establish that defendants failed to comply with Rule 5.  The court is cognizant of how mail can get lost or otherwise fail to make its destination within the prison system.  When Picarella informed defendants that he did not receive their motions, defendants promptly re-forwarded

their motions to him. (See Doc. 36-3, Notice under Local Rule 7.1; Doc. 43-2, Certificate of Service). Defendants' conduct was objectively reasonable under the circumstances, and they have not exhibited bad faith or misuse of the court's process. Consequently, the court will deny Picarella's request for sanctions.

## III. Conclusion

Based on the foregoing, the court will deny Picarella's motion for Rule 11 sanctions, attorney's fees and costs. An appropriate order follows.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated:      May 14, 2018